**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JIBRAIL MALIK MUHAMMAD,** | ) | |
|    **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 12-114-KD-M** |
| | ) | |
| **LOGAN COWART,** | ) | |
|    **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff Jibrail Malik Muhammad's motion for leave to proceed *in forma pauperis* and for appointment of counsel.[1]  (Doc. 2).  Plaintiff's motion is **GRANTED in part** and **DENIED in part**.  Specifically, upon review of the financial information provided by Plaintiff, the Court finds that Plaintiff is indigent and may therefore proceed *in forma pauperis*.   However, recognizing both that a civil plaintiff has no constitutional right to counsel and that the Eleventh Circuit has held that courts should appoint counsel only in "exceptional circumstances, such as where facts and legal issues are so novel or complex as to require the assistance of a trained practitioner," see Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992), Plaintiff's request for counsel is **DENIED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review Plaintiff's complaint and dismiss the case if it determines that the action is frivolous, malicious, or fails to state a claim for which relief may be granted.   28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (2006); see also

---

[1]   Plaintiff initially filed his *pro se* "Petition for Remedies" in the Northern District of Alabama. (Doc. 1).  On February 10, 2012, the Honorable C. Lynwood Smith, Jr., United States District Judge for the Northern District of Alabama transferred the case to the Southern District of Alabama along with 44 other apparently related actions that Plaintiff contemporaneously commenced in the Northern District.   (Doc. 3).  On March 7, 2012, the Clerk of Court assigned each of Plaintiff's 45 cases to the undersigned.

Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir. 2001) (dismissal under § 1915(e) is mandatory). In order to state a claim upon which relief can be granted, a complaint must set forth "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Id. (citation omitted).

All of the complaint's allegations concerning Defendant Logan Cowart are set forth in Paragraph 10:

> Also, during the 2006-2007 school year, Principal Mrs. Logan Cowart wrote defamatory communications and provided them to The Board so that they could attempt to legally terminate Petitioner as a tenured employee.   The Petitioner was not provided the due process of laws and did not know the defamatory communications existed, nor was the Petitioner advised that the defamatory communications were in the Petitioner's alleged employee personnel file.

(Doc. 1 at 4, ¶ 10).   Construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers), Plaintiff's complaint purports to assert a cause of action for defamation.   However, Plaintiff's complaint nowhere alleges any facts that could sustain federal jurisdiction over this claim, which, in any event, is insufficiently pled.

Under Alabama law, the elements of a cause of action for defamation are "1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence on the part of the defendant; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement."   McCaig v. Talladega Publ'g Co., 544 So. 2d 875, 877 (Ala. 1989).   In the absence of any allegations as to the content of the "defamatory communications"

that Plaintiff claims Defendant Cowart wrote and published sometime between five and six years ago, the Court is left only with a bald legal conclusion unsupported by factual matter, which, as noted above, is required to state a plausible claim.

Furthermore, it appears from the face of the complaint that Plaintiff's claim is time-barred, inasmuch as Defendant Cowart's conduct is alleged to have occurred no later than 2007, and Alabama's two-year statute of limitations for defamation begins to run when the defamatory matter is published.  See Ala. Code § 6-2-38(k) (LexisNexis 2005) ("All actions of libel or slander must be brought within two years."); Tonsmeire v. Tonsmeire, 233 So. 2d 465, 467 (Ala. 1970) ("[A] cause of action for libel begins to run at the time it accrues, that is, when the defamatory matter is published.").

Accordingly, the complaint fails to state a claim upon which relief can be granted, and it is **ORDERED** that, prior to service of process, this action be **DISMISSED without prejudice**.

The Clerk of Court is **DIRECTED** to send a copy of this order to Plaintiff by U.S. Mail.

**DONE** and **ORDERED** this the **13**th day of **March 2012**.


/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**